UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREG BOWLEN, JERRY WRIGHT, and RON GETTEL :<br><br>Plaintiffs,<br><br>v.<br><br>TRITT CONTRACTING, INC. and COLT TRITT<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: 2:10-CV-243-WCO<br><br>**Jury Trial Demanded** |

# COMPLAINT

Plaintiffs Greg Bowlen, Jerry Wright, and Ron Gettel bring this action action against Defendants Tritt Contracting, Inc. and Colt Tritt, and show this Court:

## NATURE OF THE ACTION

1.

This is an action for unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Because other similarly situated employees were subject to the same FLSA violations, Plaintiffs seek collective action status under 29 U.S.C. § 216(b).

## PARTIES

2.

Plaintiff Greg Bowlen is a citizen who resides in Gilmer County in the State of Georgia. Bowlen was an employee of Tritt Contracting, Inc. as that term is defined by the FLSA.

3.

Plaintiff Jerry Wright is a citizen who resides in Gilmer County in the State of Georgia. Wright was an employee of Tritt Contracting, Inc. as that term is defined by the FLSA.

4.

Plaintiff Ron Gettel is a citizen who resides in Hunterdon County in the State of New Jersey. Gettel was an employee of Tritt Contracting, Inc. as that term is defined by the FLSA.

5.

Defendant Tritt Contracting, Inc. is a corporation under the laws of the State of Georgia with its principal corporate offices in Jasper, Georgia. Tritt Contracting, Inc. is subject to an action under the FLSA. It may be served with Summons and Complaint upon its registered agent, Colt Tritt, at 730 Cowart Mountain Road, Jasper, Georgia, 30143.

6.

Defendant Colt Tritt is a citizen and resident of Pickens County in the State of Georgia. Colt Tritt is an employer under the FLSA and can be served with Summons and Complaint at 730 Cowart Mountain Road, Jasper, Georgia, 30143.

## JURISDICTION AND VENUE

7.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216.

8.

Venue of this suit is proper in the Northern District of Georgia, Rome Division under 28 U.S.C. § 1391(b) and 29 U.S.C. § 216. The unlawful acts against Plaintiffs mainly occurred in this judicial district and division. In addition, Plaintiffs Bowlen and Wright reside in this judicial district and division and the Defendants operate their business in this judicial district and division.

9.

Joinder of Plaintiffs' claims in this lawsuit is proper under Federal Rule of Civil Procedure 20(a) and 29 U.S.C. § 216(b).

10.

Plaintiffs have consented in writing to be parties to the FLSA claims in this action. Attached as Exhibit A are Plaintiffs' signed consent forms.

11.

Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this Collective Action against Defendants under the Fair Labor Standards Act, for failure to pay wages and overtime compensation.

12.

Plaintiffs and others similarly situated are individuals who have worked as employees of Tritt Contracting in the three years before the filing of this lawsuit.

13.

At all times relevant to the Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

14.

At all times relevant to the Complaint, Defendants have employed and continue to employ, employees, including Plaintiffs and those who they contend are similarly situated, who are engaged in commerce or in the production of goods for commerce.

15.

At all times relevant to the Complaint, Defendant Tritt Contracting has had an annual gross volume of sales made or business done in excess of $500,000.00.

16.

As this action proceeds, it is likely that other similarly situated individuals will sign consent forms to join in this action.

**FACTUAL ALLEGATIONS**

17.

Plaintiff Greg Bowlen was hired by Defendants as a pipe foreman at or around September 2007.

18.

Because Bowlen was a working foreman who spent most of his time performing labor and working with machinery, he was not exempt from the overtime provisions of the FLSA.

19.

Bowlen did not have managerial duties, such as the ability to hire, fire, discipline, or determine the job assignment of employees.

20.

From the beginning of his employment until at or around January or February 2008, and again from at or around December 2008 to February 2009 (when he was laid off), Bowlen was paid an hourly wage.

21.

Bowlen consistently worked over 40 hours a week.

22.

Bowlen was not paid for all time worked.

23.

Bowlen was not paid overtime for all or some of the time he worked past 40 hours in a week.

24.

Most of these unpaid hours were due to be paid as overtime because they would have been in addition to the 40 hours per week Bowlen had already worked.

25.

Bowlen and other employees were specifically not paid for time spent fueling the trucks or preparing equipment for travel.

26.

Defendants refused to pay Bowlen and other employees for all or some of the time riding between work sites. Many such work sites were one to two hours travel each way.

27.

Plaintiff Jerry Wright was hired by Defendants as a grading foreman at or around June 2007.

28.

Like Bowlen, Wright was a working foreman who spent most of his time performing labor and working with machinery, he was not exempt from the overtime provisions of the FLSA.

29.

Wright did not have managerial duties, such as the ability to hire, fire, discipline, or determine the job assignment of employees.

30.

From the beginning of his employment until at or around January or February 2008, and when he was temporarily rehired in January 2009, (when he was laid off), Wright was paid an hourly wage.

31.

Wright consistently worked over 40 hours a week.

32.

Wright was not paid for all time worked.

33.

Wright was not paid overtime for all or some of the time he worked past 40 hours in a week.

34.

Most of these unpaid hours were due to be paid as overtime because they would have been in addition to the 40 hours per week Wright had already worked.

35.

At or around January or February 2008, Tritt switched Wright, Bowlen, and other foreman to salary to avoid paying them overtime although their job duties did not change.

36.

Tritt expressly stated that he switched the foreman to salary because he could not afford to pay them overtime.

37.

Bowlen, Wright, and other foreman were not exempt and should have been paid overtime.

38.

In November 2008, Wright was laid off after his project in Alpharetta, Georgia ended.

39.

At sometime in December 2008, Tritt switched Bowlen back to hourly.

40.

When Wright was temporarily brought back in January 2009, he was switched back to hourly and not paid for all hours worked (or overtime for all hours worked over 40).

41.

Defendants knew, and showed reckless disregard for the fact that it misclassified Bowlen, Wright, and other individuals as exempt when it switched them to salary and failed to pay them overtime.

42.

In fact, Defendants intent was to avoid the payment of overtime that was due under the FLSA.

43.

Plaintiff Ron Gettel was hired by Defendants as a dump truck driver at or around October 2007.

44.

Gettel was paid an hourly wage and was not exempt from the overtime provisions of the FLSA.

45.

Gettel consistently worked over 40 hours a week.

46.

Gettel was not paid for all time worked.

47.

Gettel was not paid overtime for all or some of the time he worked past 40 hours in a week.

48.

Most of these unpaid hours were due to be paid as overtime because they would have been in addition to the 40 hours per week Gettel had already worked.

49.

Gettel was laid off in June 2009.

## COUNT ONE
## FAILURE TO PAY WAGES UNDER THE FLSA.

50.

Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

51.

Plaintiffs and all those who were similarly situated were employees within the meaning of the FLSA.

52.

Defendants are employers within the meaning of the FLSA.

53.

Defendants violated the FLSA by failing to pay Plaintiffs and all those who were similarly situated for time worked, including travel time, fueling, and preparing equipment.

54.

Defendants knew or should have known that such actions violate the FLSA, and they not made a good faith effort to comply with the FLSA.

55.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiffs such wages.

56.

As a result of Defendants' unlawful acts, Plaintiffs and those who are similarly situated are entitled to recover the relief requested below.

## COUNT TWO
## FAILURE TO PAY OVERTIME UNDER THE FLSA.

57.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

58.

Defendants violated the FLSA by failing to pay Plaintiffs and all those similarly situated overtime for all time worked in excess of forty hours per week.

59.

Defendants knew or should have known that such actions violate the FLSA, and they not made a good faith effort to comply with the FLSA.

60.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiffs and all those similarly situated for such overtime.

61.

As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b. That the Court allow this suit to proceed as a collective action under 29 U.S.C. § 216(b) as soon as possible.

c. That the Court issue notice under 29 U.S.C. § 216(b) to all employees who worked for Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit without fear of reprisal, retaliation, or abuse by Defendants;

d. That Plaintiffs and all those similarly situated be awarded a declaratory judgment that Defendants violated the FLSA when they failed to pay them for time spent working;

e. That Plaintiffs be awarded a declaratory judgment that Defendants violated the FLSA when they failed to pay them and all those similarly situated overtime for hours worked in excess of forty hours per week;

f. That the Court enter judgment that Defendants violations of the FLSA are willful.

g. That Plaintiffs and all those who opt in to this action recover from Defendants unpaid wages and overtime;

h. That Plaintiffs and all those who opt in to this action recover liquidated damages against Defendants under the FLSA;

i. That Plaintiffs and all those who opt in to this action recover attorney's fees, expert fees, and costs of litigation;

j. That Plaintiffs and all those who opt-in to this action recover pre-judgment and post-judgment interest;

k. That the Court award Plaintiffs and all those who opt in to this action any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13 point font in compliance with Local Rule 5.1B.

Respectfully submitted,

This 24th day of November, 2010.

             T. ROBERT REID, LLC

             <u>s/ Tilden Robert Reid, II</u>
             T. Robert Reid
             Ga. Bar No. 600138
             1030 Woodstock Road
             Suite 3112
             Roswell, Georgia  30075
             Telephone (678) 743-1064
             Facsimile (404) 549-4136
             robreidattorney@gmail.com

             Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GREG BOWLEN, <br> JERRY WRIGHT, and <br> RON GETTEL <br><br> Plaintiffs, <br><br> v. <br><br> TRITT CONTRACTING, INC. <br> and COLT TRITT <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : FILE NO.: _____ <br> : <br> : <br> : <br> : **Jury Trial Demanded** <br> : |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this 26th day of October, 2010.

_____
Greg Bowlen

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREG BOWLEN, JERRY WRIGHT, and RON GETTEL<br><br>Plaintiffs,<br><br>v.<br><br>TRITT CONTRACTING, INC. and COLT TRITT<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: FILE NO.: _____<br>:<br>:<br>:<br>: **Jury Trial Demanded**<br>:<br>: |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this 28th day of October, 2010.

*Robert Jerry Wright Jr.*
Jerry Wright

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREG BOWLEN, JERRY WRIGHT, and RON GETTEL<br><br>Plaintiffs,<br><br>v.<br><br>TRITT CONTRACTING, INC. and COLT TRITT<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  FILE NO.: _____<br>:<br>:<br>:<br>:  **Jury Trial Demanded**<br>:<br>: |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this  28 th day of October, 2010.

_____
Ron Gettel